**TENNESSEE FOUNDRY & MACHINE COMPANY, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 18152.**

United States Court of Appeals Sixth Circuit.

Aug. 5, 1968.

William Waller and Robert G. McCullough, Nashville, Tenn., Waller, Lansden, Dortch & Davis, Nashville, Tenn., of counsel, for petitioner.

Chester C. Davenport, Jr., Department of Justice, Washington, D. C., Mitchell Rogovin, Asst. Atty. Gen., Meyer Rothwacks, William Friedlander, Robert I. Waxman, Attys., Department of Justice, Washington, D. C., on brief, for respondent.

Before EDWARDS, PECK and COMBS, Circuit Judges.

PER CURIAM.

An employee of the petitioner left a suicide note confessing embezzlement subsequently determined to have been slightly in excess of $94,000, of which more than $75,000 had been previously reported as income for federal tax purposes. The widow of the deceased employee was the named beneficiary in a life insurance policy and she individually and as administratrix of his estate executed an assignment to the petitioner of all of her rights in and all monies which might become payable under the policy. The Commissioner of Internal Revenue determined that the sum received by petitioner under this assignment was includable in taxable income on the ground that it represented "a recovery of embezzled funds." The Tax Court sustained this contention (48 T.C. 419), and a petition to review its decision followed and is herein considered.

The sole question presented by this appeal is whether the proceeds of the life insurance policy received under the assignment from the named beneficiary of the policy is such an amount paid "by reason of the death of the insured" as to cause it to be excludable from gross income under Section 101(a) (1) of the Internal Revenue Code of 1954 (26 U.S. C. § 101). Petitioner contends that it had equitable ownership of the policy because the premiums were paid with funds embezzled from it and that a constructive trust therefore resulted. Petitioner instituted an action against the widow in a Tennessee state court attempting to establish such a trust, but

instead of prosecuting that action to a conclusion, it chose to dismiss that action as part of a settlement agreement with the widow. The assignment of the proceeds of the policy above referred to was executed as a part of that agreement.

In rejecting petitioner's contention, in a full and carefully reasoned opinion Judge Scott of the Tax Court stated, "Whatever petitioner's reason for its decision [not to proceed in the state court action], it did not attempt to obtain the proceeds of the insurance policy by impressing a constructive trust thereon but *received them by way of a settlement with the widow,* leaving to her the part of the policy insuring her life and that of her children and dismissing its suit against her." 48 T.C. at 429. The phrase we have emphasized is a finding of fact which is directly contrary to the position urged by petitioner.* That finding of fact is immediately followed by another determining that petitioner had not shown in the Tax Court action that all funds with which the policy had been purchased were embezzled from it, and this determination is also directly contrary to petitioner's contention. These findings of fact, which are supported by substantial evidence and which are not clearly erroneous, (Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); Goldman v. Commissioner of Internal Revenue, 388 F.2d 476 (6th Cir. 1967)) negate the claim that a constructive trust existed.

The question as to whether petitioner received the proceeds of the policy as a sum paid "by reason of the death of the insured" within the meaning of Section 101(a) (1) of the Internal Revenue Code is resolved in the negative. For the reasons herein indicated, and upon the further basis of the grounds set forth in the opinion of the Tax Court (48 T.C. 419), the decision of that court is affirmed.

---

* Of similar import is Judge Scott's statement that "[P]etitioner sued the employer's widow and received the proceeds of the insurance contract under its settlement with her." (48 T.C. at 428.)